# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2729 | **DATE** | September 29, 2011 |
| **CASE TITLE** | Kennado Taylor (#2010-1204047) vs. Officer Yasin, et al. | | |

## DOCKET ENTRY TEXT

Plaintiff's motion to "fire" his appointed attorney [15] is denied as moot. The Court has already allowed appointed counsel to withdraw. Plaintiff's motions for the appointment of new counsel [14, 21] are denied. Plaintiff must proceed *pro se* at this time. Plaintiff's motion to amend his complaint [19] is granted, subject to plaintiff filing an acceptable amended complaint in accordance with this order. The clerk is directed to mail plaintiff an amended complaint form. *Plaintiff must use that form in filing an amended complaint.* Plaintiff's failure to comply with this order on or before 10/31/11 will result in the dismissal of this case. The Court will defer ruling on plaintiff's motion for leave to proceed *in forma pauperis* [3] pending review of his proposed amended complaint.

■ **[For further details see text below.]**

Docketing to mail notices.

## STATEMENT

Plaintiff Kennado Taylor, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* lawsuit pursuant to 42 U.S.C. § 1983. The instant suit alleges that several officers used excessive force against him and that he has not received adequate care for his psychiatric needs.

Plaintiff has multiple suits pending in this Court: *Taylor v. Doe*, Case No. 11 C 2016 (N.D. Ill.); *Taylor v. Johnson*, Case No. 11 C 2630 (N.D. Ill.); *Taylor v. Yassin*, No. 11 C 2729 (N.D. Ill.) (this case); and *Taylor v. Doe*, No. 11 C 5591 (N.D. Ill.). In prior orders, the Court noted that plaintiff's suits contained the same or overlapping claims. It was unclear whether case no. 11 C 2630 was intended to be a separate suit or rather an amended complaint in case no 11 C 2016. Also, the present case (11 C 2729) appeared to duplicate plaintiff's previously asserted claims of inadequate psychiatric treatment, if not also his excessive force claims. The Court appointed counsel to represent plaintiff in these three cases. Plaintiff experienced a conflict with the lawyer and asked to "fire" him. The lawyer asked to withdraw at or around the same time. It appears from plaintiff's correspondence with the Court that he had a strategic dispute with counsel because counsel spoke with the public defender handling plaintiff's criminal case. It appeared to the Court that appointed counsel was acting reasonably and attempting to avoid creating problems for plaintiff in connection with the criminal case. Nonetheless, the Court was willing to accede to plaintiff's request to terminate his lawyer.

That does not mean, however, that plaintiff is entitled to new appointed counsel as a matter of right. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). A court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Johnson*, 433 F.3d at 1006. When a *pro se* litigant submits a request for appointment of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the Court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir.

2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

After considering the above factors, the Court concludes that appointment of counsel is not warranted at this time. Plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. Furthermore, plaintiff's stance vis-a-vis the lawyer the Court previously appointed suggests that plaintiff may be unwilling to allow an attorney to fulfill his or her ethical obligations.

In addition, plaintiff's claimed disabilities are arguably exaggerated. Taking psychotropic drugs does not necessarily give rise to the "exceptional circumstances" noted in *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). *See Romanelli*, 615 F.3d at 849 (quoting with approval the district judge's observation that "the whole point of taking [medication] is to allow the person taking them to think and act rationally"). A judge in the Central District of Illinois recently found that plaintiff had "not been truthful" in representing that he had a limited ability to read or write. *See Taylor v. Momeng*, Case No. 11-2174 (C.D. Ill.), Order of July 27, 2011 (Mihm, J.). In denying plaintiff's motion for appointment of counsel, Judge Mihm observed that plaintiff had made conflicting statements about the extent of his literacy, had performed legal research, was "very articulate," and that he had demonstrated a clear understanding of his case at a court hearing. *Id.* Plaintiff's ability to file seven lawsuits in federal court since March 2011 further weakens any claim that he does not have the ability to press his cases on his own. *Cf. Walters v. Edgar*, 163 F.3d 430, 436 (7th Cir. 1998) ("ability to litigate a denial of access claim is evidence that the plaintiff has no denial of access claim").

For these reasons, the Court denies plaintiff's motion for appointment of new counsel at this time. Should the case proceed to a point that appointment of counsel is appropriate, the Court is willing to revisit the issue.

Around the same time that plaintiff and his counsel were requesting to allow counsel to withdraw, Plaintiff filed yet another suit, *Taylor v. Doe*, No. 11 C 5591, which, similar to his other cases, alleges inadequate psychiatric treatment, as well as inadequate medical care.

The Court is still unable to determine whether and to what extent the present case (11 C 2729) is duplicative of or overlaps with plaintiff's other cases. Although plaintiff has submitted a motion to amend his complaint, the amendment does not clarify if the excessive force incident in this case is the same incident alleged in case nos. 11 C 2016 and 11 C 2630, or if the inadequate psychiatric care claims in all four suits are the same or overlapping. In his motion to amend, plaintiff seeks to add several defendants as well as an additional doctor. An amended complaint replaces a previously filed complaint in the same suit and must stand on its own as a complete statement of the plaintiff's claims. Thus, if plaintiff wants to add parties, he must file an amended complaint, using the form prescribed by this District's rules, in which he asserts all the claims he seeks to raise in this suit and name all the defendants he intends to sue. For these reasons, the Court grants plaintiff's motion to amend, subject to plaintiff following the rules and submitting an acceptable amended complaint.

In sum, the Court directs plaintiff to file a proposed amended complaint, using the form prescribed by the Court, by no later than 10/31/11. The Court will defer ruling on plaintiff's motion for leave to proceed *in forma pauperis* in this case until it reviews plaintiff's amended complaint and a determination is made regarding its sufficiency and whether plaintiff is attempting to pursue multiple lawsuits concerning the same or overlapping claims. The Court also advises plaintiff that it is not a foregone conclusion that he will be able to pursue multiple duplicative or overlapping lawsuits. The Court reserves the right to consolidate separate lawsuits filed by plaintiff if it is legally and factually appropriate to do so.

As a final concern, plaintiff is advised that, in presenting any pleading, motion, or other written document to the Court, he is representing the veracity of that court filing to the best of his knowledge. *See* Fed. R. Civ. P. 11(b). Plaintiff is cautioned to be entirely forthright and truthful in every court submission. Any misrepresentations to the Court may result in the imposition of sanctions, up to and including dismissal of his cases.

## STATEMENT